IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CIVIL ACTION NO: 1:16-cv-01174

| | |
|---|---|
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAMFORD BROOK CAPITAL, LLC, a Delaware limited liability company, *et al.*<br><br>Defendants. | DECLARATION OF MICHAEL L. LAWRENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION |

I, Michael L. Lawrence, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 and am a resident of the State of North Carolina. I am the Chief Executive Officer and a member of the board of directors of North Carolina Mutual Life Insurance Company ("North Carolina Mutual"). I submit this declaration in support of North Carolina Mutual's Motion for Preliminary Injunction and Memorandum in Support thereof (the "Memorandum"). I make this declaration on the basis of my personal knowledge or upon my review of the books and records maintained by North Carolina Mutual in the ordinary course of business. If called as a witness and duly sworn, I could and would testify competently to these matters.



EXHIBIT A

2. North Carolina Mutual is an insurance company that was founded in 1898 and serves the insurance needs of both individuals and groups.

3. In or around December 2003, North Carolina Mutual and the predecessor-in-interest to Markel Bermuda, Limited ("Markel") entered into a Co-Insurance Agreement wherein North Carolina Mutual agreed to cede to Markel liabilities and obligations with respect to certain of North Carolina Mutual's insurance policies.

4. Attached to the Memorandum as Exhibit B is a true and accurate copy of the Novation Agreement.

5. Attached to the Memorandum as Exhibit C is a true and accurate copy of the Trust Agreement.

6. Pursuant to the Trust Agreement and the Novation Agreement, Markel—on behalf of Port Royal Reassurance Company SPC, Ltd. ("Port Royal") as the Grantor under the Trust Agreement—deposited substantial assets in cash (the "Trust Assets") into a trust account (the "Trust Account").

7. Attached to the Memorandum as Exhibit E is a true and accurate copy of the Trust Agreement.

8. Stamford Brook Capital, LLC ("Stamford Brook") is an affiliate and/or subsidiary of Forefront Capital Holdings, LLC ("Forefront Capital Holdings").

9. North Carolina Mutual determined that sometime after April 24, 2015, and unbeknownst to North Carolina Mutual, representatives of Forefront Capital Holdings

provided an altered and/or forged copy of the same Investment Advisory Agreement to Summit Trust Company ("Summit") (the "Fraudulent Investment Advisory Agreement").

10. Sometime after April 24, 2015, and unbeknownst to North Carolina Mutual, representatives of Stamford Brook Capital, Forefront Capital Holdings, and Forefront Capital, LLC (hereinafter, the "Forefront Entities"), presumably relying on the Fraudulent Investment Advisory Agreement, invested virtually all of North Carolina Mutual's cash into investments that were either directly or indirectly linked to the Forefront Entities.

11. Attached to the Memorandum as Exhibit H is a true and accurate copy of the agreement purporting to unilaterally extend the maturity date of the promissory note made by Forefront Partners, LLC, as borrower, that was due and payable in full on January 25, 2016.

12. Attached to the Memorandum as Exhibit I is a true and accurate copy of an email from Gary M. Fellner to counsel for North Carolina Mutual dated September 12, 2016, and related attachment.

13. Summit permitted the substitution of the cash in the Trust Account into the assets identified in Exhibit I to the Memorandum without prior written consent from North Carolina Mutual, as required under Sections 2(d) and 4(c) of the Trust Agreement.

14. In or about August 2016, North Carolina Mutual received certain information and documents from Summit regarding the Trust Assets, including the Fraudulent Investment Advisory Agreement.

3

15. Also in or about August 2016, North Carolina Mutual requested from and received documents from Port Royal regarding the Trust Assets.

16. Attached to the Memorandum as Exhibit J is a true and accurate copy of the September 9, 2016 letter Summit sent to the North Carolina Department of Insurance, on which I was personally copied.

17. Attached to the Memorandum as Exhibit K is a true and accurate copy of the Forefront Talking Capital Investment, LLC/Rudare Communications, SL-Tata Communications Promissory Note, a copy of which was provided by the Forefront Entities to North Carolina Mutual.

18. Attached to the Memorandum as Exhibit L is a true and accurate copy of the April 24, 2015 letter from Bradley Reifler ("Reifler") to North Carolina Mutual.

19. Attached to the Memorandum as Exhibit M is a true and accurate copy of the promissory note made by Forefront Partners, LLC, payable January 25, 2016, a copy of which was provided by the Forefront Entities to North Carolina Mutual.

20. Attached to the Memorandum as Exhibit N is a true and accurate copy of a letter dated July 13, 2016 from Reifler to North Carolina Mutual.

21. Attached to the Memorandum as Exhibit O is a true and accurate copy of a letter dated September 1, 2016 from counsel for Forefront Capital Holdings to counsel for North Carolina Mutual.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 26th day of September, 2016, at Durham, North Carolina.

_____
Michael L. Lawrence,
President and Chief Executive Officer
of North Carolina Mutual Life Insurance Company