IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CIVIL ACTION NO: 1:16-cv-1174

| | |
|---|---|
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAMFORD BROOK CAPITAL, LLC, a Delaware limited liability company, *et al.*<br><br>Defendants. | DECLARATION OF STEVEN W. FICKES, SR., IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION |

I, Steven W. Fickes, Sr., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 and am a resident of the State of Maryland. I am the President of Port Royal Reassurance Company SPC, Ltd. ("Port Royal"). I submit this declaration in support of North Carolina Mutual's Motion for Preliminary Injunction and Memorandum in Support thereof (the "Memorandum"). I make this declaration on the basis of my personal knowledge or upon my review of the books and records maintained by Port Royal in the ordinary course of business. If called as a witness and duly sworn, I could and would testify competently to these matters.



2. Forefront Capital Holdings, LLC ("Forefront Capital Holdings") was to fund the $5,000,000 shortfall on behalf of Port Royal into the Trust Assets, pursuant to the Novation Agreement.

3. Port Royal and Stamford Brook entered into the Investment Advisory Agreement for the direct benefit of North Carolina Mutual, as evidenced by, *inter alia*, the fact that North Carolina Mutual was the sole beneficiary of the Trust Assets to be managed by Stamford Brook, of which both Port Royal and Stamford Brook were aware.

4. The Investment Advisory Agreement was signed by David Wasitowski ("Wasitowski"), as Forefront Capital Holdings' CFO on behalf of Stamford Brook Capital, LLC, and by me as President of Port Royal.

5. Sometime after April 24, 2015, Summit informed me that representatives of Forefront Capital Holdings provided a copy of an altered and/or forged version of the same Investment Advisory Agreement to Summit (the "Fraudulent Investment Advisory Agreement"). I first became aware of the Fraudulent Investment Advisory Agreement through my discussions with Summit, which occurred in September 2016.

6. Attached to the Memorandum as Exhibit F is a true and accurate copy of the Fraudulent Investment Advisory Agreement provided by Summit to me. The Fraudulent Investment Advisory Agreement bears the signature of Michael Flatley as "Managing Member" of Port Royal.

7. Michael Flatley ("Flatley") has never held any position with Port Royal, in any capacity.

2

8. Forefront Capital Holdings submitted to Summit Trust Company and/or the Trust Account's administrator at the time, Gemini Fund Services, LLC, a "List of Authorized Signers" for the Port Royal North Carolina Mutual Reassurance Trust Custodial Accounts, which included Bradley Reifler ("Reifler") and Flatley as authorized signers, neither of whom are or have ever been representatives of the Trust.

9. Attached to the Memorandum as Exhibit G is a true and accurate copy of the List of Authorized Signers, provided by Summit to me.

10. Reifler and Flatley were never authorized as signatories of the Trust Account.

11. Attached to the Memorandum as Exhibit P is a true and accurate copy of an email from David Wasitowski to me dated April 2, 2015.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 26th day of September, 2016, at BETHESDA, MARYLAND.

_____
Steven W. Fickes, Sr.

3