IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NORTH CAROLINA MUTUAL LIFE )
INSURANCE COMPANY, )
)
                Plaintiff, )
) 1:16CV1174
                v. )
)
STAMFORD BROOK CAPITAL, LLC, )
*et al.* )
)
)
                Defendants. )
)
)

## ORDER

This matter is before the Court on several motions, including: Plaintiff North Carolina Mutual Life Insurance Company's ("NC Mutual") Motion to Compel Discovery from Defendant Bradley Reifler [Doc. #213]; Defendant Reifler's Motion to Quash Depositions [Doc. #220]; NC Mutual's Motion for Extension of Time to respond to Defendant Reifler's Motion to Dismiss [Doc. #222], and; NC Mutual's Motion to Extend Discovery Deadlines [Doc. #223]. The Court takes these Motions in turn.

Plaintiff NC Mutual brought this action seeking damages for breach of contract, breach of fiduciary duty, and various other claims all related to Defendants' alleged misappropriation of funds entrusted to them by the Plaintiff. Following an extended stay and the resolution of a related bankruptcy proceeding, discovery commenced in this action and Plaintiff served an initial set of Interrogatories and Requests for Production on Mr. Reifler in February of 2020

[Docs. #214-1, #214-2]. Defendant Reifler responded to these discovery requests with an email asserting that at least one of the requests was too broad, that much of the requested information was publicly available, and that all other relevant information had been provided as part of the related bankruptcy proceeding. No documents were provided, and Mr. Reifler's one substantive response came in answer to Interrogatories 2 and 3, to which he stated that he had not yet selected any expert witnesses [Doc. #214-3]. Throughout the spring and summer of 2020, Plaintiff contacted Mr. Reifler multiple times to discuss his discovery responses. Ultimately on September 10, 2020, Mr. Reifler responded that he believed he had fully complied with NC Mutual's requests, that he would not be producing any further documents, and that NC Mutual should seek court intervention on the matter. [Doc. #214-9].

Plaintiff's Motion to Compel [Doc. #213] followed. Plaintiff seeks: a complete response to Interrogatory 1; all documents responsive to its Requests for Production, particularly to Requests 6, 8, 9, 16, and 17-32; organization or guideposts for the massive trove of data stored on the devices seized from Mr. Reifler as part of the bankruptcy proceeding; documents created after the seizure of the devices; and passwords to the QuickBooks files that are stored on the seized devices.

Plaintiff's Interrogatory 1 seeks the identity of each person with knowledge of facts related to the case, and a brief description of the knowledge such persons possess. NC Mutual asserts that Mr. Reifler is obligated to provide such information as part of his mandatory disclosures pursuant to Federal Rule of Civil Procedure 26(a), and that in any event the information requested is relevant and proportional to the needs of the case (Pl.'s Mem. [Doc.

#214] at 6). While Defendant Reifler's brief [Doc. #215] does not address this point specifically, his email correspondence indicated that the individuals with "the most knowledge" are already parties to this case [Doc. #214-3].

Even assuming that all parties with relevant knowledge are parties to the case, Mr. Reifler is not relieved from providing the requested information. To the extent the requested information may be used in support of Mr. Reifler's claims or defenses, its disclosure is required pursuant to Rule 26(a)(1). To the extent the requested information is not required during initial disclosures, it is relevant and proportional to the needs of the case, and so must be disclosed in response to Interrogatory 1. Production of a list of people who possess potentially relevant information with a brief description of that knowledge imposes a minimal burden on Defendant Reifler, even if most or all such individuals are already party to this case.

Requests for Production 6, 8, and 9 request financial information, including tax records and bank statements, for Mr. Reifler covering the period from April 2015 to the present. Requests 16-32 request a variety of financial and other corporate documents from a set of companies in which Mr. Reifler has an ownership and/or management interest. Plaintiff asserts that the requested information is relevant to its contention that Mr. Reifler misused trust assets for personal gain, and in support of its claim for punitive damages. (Pl.'s Br. at 6.) Mr. Reifler raises two arguments in opposition to disclosure. As to the Requests covering years prior to the seizure of his electronic devices in the bankruptcy proceeding, he claims that all responsive information was already provided in that separate action. (Def.'s Br. [Doc. #215].) As to the more recent documents, Mr. Reifler argues that such information is irrelevant to the issue of whether he engaged in any wrongdoing several years prior. (Id. at 3.)

The fact that some, perhaps even most, of the information that would be responsive to NC Mutual's Requests for Production was also relevant to the bankruptcy proceeding does not entitle Defendant to shirk his discovery obligations in this case. Moreover, a general reference to "40+ boxes of files and 25+ computers" that were removed from Defendant's office, and all files and approximately 6 computers that were removed from Defendant's home, does not satisfy his discovery obligations under Federal Rule of Civil Procedure 34. The dozens of computers that Defendant Reifler refers to appear to contain well over 1 million documents (Pl.'s Br. at 8-9, Def.'s Br. at 2). At least some of the key documents are password protected and thus inaccessible to Plaintiff without further information from Mr. Reifler (Pl.'s Br. at 9-10). Reference to such a massive trove of information without any form of guidance as to where specific relevant information may be kept is not a discovery response in compliance with the Federal Rules. Mr. Reifler must provide the requested guidance (ie, by identifying specific documents, custodians, and locations of potentially responsive documents) in a manner that enables NC Mutual to meaningfully review the seized items. Similarly, Defendant Reifler must provide all requested passwords to the QuickBooks files identified as responsive to the Requests in order to enable meaningful review. For any information that is not accessible or was not included in the seized devices, Defendant Reifler is under an obligation to provide any responsive material in his possession, custody, or control.

As to the more recent, post-seizure information requested, the updated documents are relevant to Plaintiffs claims that Defendant Reifler personally profited from the misuse of Trust Assets. Defendant Reifler's potential profit is relevant to NC Mutual's claims for breach of fiduciary duty, fraud, conversion, and unjust enrichment. Given the broad scope of

permissible discovery under the Federal Rules, the Court concludes that the more recent corporate and financial records of Defendant Reifler and the specified companies fall well within the scope of discoverable information. To the extent the requested documents are non-privileged and within Mr. Reifler's possession, custody, or control, he must provide complete productions.

Turning now to Defendant Reifler's Motion to Quash Depositions [Doc. #220], Mr. Reifler asserts that the depositions noticed for Margaret Leszczynska, David Wasitowski, Mike Flatley, Meade Rudasill, and Steve Fickes, along with any other person whose deposition has already been taken in the related bankruptcy proceeding, should not be permitted to go forward here. Mr. Reifler argues that the action here is "the same case" as the bankruptcy case in which each of the above listed individuals was deposed, and that under the Federal Rules of Civil Procedure, individuals are not allowed to be deposed twice in a case except in limited circumstances. See Fed. R. Civ. P. 30(a)(2)(A)(ii); Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (allowing redeposition only where it would not be unreasonably cumulative or duplicative, and where the information sought could not be obtained in a less burdensome, less expensive fashion).

As Plaintiff rightly points out however, the Federal Rules and the cited cases limit the re-taking of depositions only in a single case. They say nothing about deposing the same individuals in separate cases. Here, despite Mr. Reifler's claims, the present action is a different case than the prior bankruptcy proceeding. In the bankruptcy case, the Parties litigated the question of whether any debt Mr. Reifler may owe to NC Mutual was dischargeable in bankruptcy. Here, that question has already been resolved in Plaintiff's favor, and the issue is

instead whether Mr. Reifler in fact defrauded NC Mutual, and if so, exactly how much he owes the company. These two questions are undoubtedly related, and they are likely to involve many overlapping questions of fact. However, they are not the same. Moreover, the case here involves claims for breach of fiduciary duty, civil conspiracy, RICO Act violations, and unfair and deceptive trade practices. Because the cases are not the same, Mr. Reifler's Motion fails whether it is considered as a Motion to Quash or as a Motion for a Protective Order under Rule 26(c).[1]

Turning next to Plaintiff NC Mutual's Motion for Extension of Time to Respond to Defendant Bradley Reifler's Motion to Dismiss [Doc. #222] the Court finds that good cause has been shown to grant the requested extension up to and including November 30, 2020. Finally, and particularly in light of the Motion to Compel addressed in this order, the Court find that good cause has been shown to grant NC Mutual's Third Motion to Extend Discovery Deadlines [Doc. #223].

IT IS THEREFORE ORDERED that NC Mutual's Motion to Compel [Doc. #213] is GRANTED, and Defendant Bradley Reifler must provide the following to NC Mutual by December 7, 2020:

1. A complete response to NC Mutual's Interrogatory No. 1;
2. Documents responsive to NC Mutual's Requests for Production, including Request Nos. 6, 8, 9, 16, and 17-32;

---

[1] Although it is appears unlikely that Defendant has standing to quash the subpoenas at issue here, since he has not claimed any privilege or personal right in the information sought, the Court reaches the merits by interpreting his motion as one for a protective order under Federal Rule of Civil Procedure 26. See HDSherer LLC v. Natural Molecular Testing Corp., 292 F.R.D. 305, 307 (D.S.C. 2013) (considering a challenge to a subpoena issued to a nonparty under Rule 26(c) even though the moving party lacked standing to quash).

3. The identity of data sources and data locations on the servers of the Forefront Entities, as that term is defined in the First Amended Complaint, including but not limited to, email custodians, specific servers, specific folders located on specific servers, and specific folders located on specific laptops and/or desktops; and

   4. Passwords to the QuickBooks files identified in Exhibit G to NC Mutual's Memorandum in Support of its Motion to Compel.

Failure to comply with this Order on the part of Mr. Reifler will result in further sanction, potentially up to and including entry of judgment against him in this case.

IT IS FURTHER ORDERED that Defendant Bradley Reifler's Motion to Quash Depositions [Doc. #220] is DENIED as set out above.

IT IS FURTHER ORDERED that NC Mutual's Motion for Extension of Time to Respond to Defendant Bradley Reifler's Motion to Dismiss [Doc. #222] is GRANTED, and NC Mutual will have up to and including November 30, 2020 in which to respond to Defendant's Motion.

IT IS FURTHER ORDERED that NC Mutual's Motion for Extension of Discovery Deadlines [Doc. #223] is GRANTED, such that all discovery shall be completed by December 18, 2020, and all dispositive motions shall be due on January 18, 2021.

This, the 16th day of November, 2020.

                                    /s/ Joi Elizabeth Peake
                                    United States Magistrate Judge