# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, a North Carolina Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:16CV1174 |
| v. | ) ) ) | |
| STAMFORD BROOK CAPITAL, LLC, a Delaware limited liability company, *et al.,* | ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT JUDGMENT

This action came before this Court for ruling as follows. The Plaintiff North Carolina Mutual Life Insurance Company ("NC Mutual") having filed an Amended Complaint and Defendant Bradley Carl Reifler ("Defendant Reifler") having entered a general appearance and consented to the Court's jurisdiction over Defendant Reifler and the subject matter of this action, moved for entry of this Consent Judgment against Defendant Reifler. The Court finds as follows:

1. In the Amended Complaint, NC Mutual alleges claims against Defendant Reifler for: (1) Breach of Fiduciary Duty; (2) Aiding and Abetting Breach of Fiduciary Duty; (3) Constructive Fraud; (4) Fraud; (5) federal RICO Act violation; (6) North Carolina RICO Act violation; (7) Unfair and Deceptive Trade Practices; (8) Civil Conspiracy; (9) Conversion; and (10) Unjust Enrichment;

2. In the Amended Complaint, NC Mutual seeks damages in the form of a money judgment entered against Defendant Reifler for the harm caused to NC Mutual, plus treble damages and attorneys' fees available pursuant to N.C. Gen. Stat. § 75-1.1, *et seq.*;

1

3. Defendant Reifler has generally appeared in this matter and consented to the Court's personal jurisdiction over him and the subject matter of this action;

4. NC Mutual and Defendant Reifler have entered into an agreement to fully resolve NC Mutual's claims against Defendant Reifler as alleged in the Amended Complaint and agreed upon the amount of damages NC Mutual is entitled to related to its claims;

5. Defendant Reifler enters into this Consent Judgment and the Parties' agreement voluntarily and represents that no threats, offers, promises or inducements of any kind have been made by NC Mutual or the North Carolina Department of Insurance or any member, officer, employee, agent, or representative of the NC Mutual or the North Carolina Department of Insurance to induce Defendant Reifler to enter into this Consent Judgment;

6. Defendant Reifler waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure;

7. Defendant Reifler waives the right, if any, to a jury trial and to appeal from the entry of this Consent Judgment;

8. Defendant Reifler agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Consent Judgment;

9. The Parties agree that NC Mutual is entitled to damages from Defendant Reifer in the following amounts: compensatory damages in the amount of $20,322,220 representing the harm caused to NC Mutual; that the compensatory damages should be trebled pursuant to N.C. Gen. Stat. § 75-16 totaling $60,966,660; and that NC Mutual is entitled to attorneys' fees in the amount of $ 2,693,000 pursuant to N.C. Gen. Stat. § 75-16.1;

10. Therefore, to resolve NC Mutual's claims against Defendant Reifler as alleged in the Amended Complaint, Defendant Reifler consents to the entry of a money judgment against him in the amount of $60,966,660 in damages plus an additional $2,693,000 in attorneys' fees, plus post-judgment interest at the legal rate.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to the agreement of the Parties and this Court's findings, judgment is entered against Defendant Reifler in favor of Plaintiff NC Mutual who shall have and recover from Defendant Reifler $60,966,660 in damages, plus an additional $2,693,000 in attorneys' fees, plus post-judgment interest at the legal rate until the judgment is paid in full.

This, the 21st day of November 2024.

/s/ Loretta C. Biggs
United States District Judge